# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JAMES E. PARSHALL,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

Case No. EDCV 16-2237-JEM

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

## PROCEEDINGS

On October 25, 2016, James E. Parshall ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on February 14, 2017. On June 22, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 49-year-old male who applied for Social Security Disability Insurance benefits on November 12, 2012, alleging disability beginning October 1, 2011. (AR 23.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2011, the alleged onset date. (AR 25.)

Plaintiff's claim was denied initially on June 18, 2013 and on reconsideration on November 7, 2013. (AR 23.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Dana E. McDonald on May 29, 2015, in Moreno Valley, California. (AR 23.) Plaintiff appeared and testified at the hearing and was represented by Valerie Garcia, a non-attorney representative. (AR 23.) Vocational expert ("VE") Mary E. Jesko also appeared and testified at the hearing. (AR 23.)

The ALJ issued an unfavorable decision on June 19, 2015. (AR 23-33.) The Appeals Council denied review on August 26, 2016. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the granting of little or no weight to the physical function assessments of treating family practitioner Couture and treating neurologist Liu is supported by specific and legitimate rationales.

2. Whether the finding that Plaintiff's subjective complaints are not credible is supported by clear and convincing evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

3

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 1, 2011, the alleged onset date. (AR 25.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: migraine and obstructive sleep apnea ("OSA"). (AR 25-27.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 27.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 404.1567(b) except that he is able to stand/walk for four hours out of an eight-hour workday while being able to sit for six hours out of an eight-hour workday with normal breaks. (AR 27-31.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible." (AR 29.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a truck driver, and in shipping and receiving data entry and data entry. (AR 31.) The ALJ, however, also found that, considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform, including the jobs of small parts assembler, textile assembler, order clerk, and optical lens assembler. (AR 32.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 32-33.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptom allegations. Plaintiff disagrees with the ALJ's evaluation of the evidence, but the ALJ's RFC is supported by substantial evidence.

### I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE IN ASSESSING PLAINTIFF'S RFC

Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting limitations assessed by her treating physicians that Plaintiff contends should have been incorporated into his RFC. The Court disagrees.

#### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence,

including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's

opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B.  Analysis

Plaintiff alleges he is unable to work because of chronic headaches and symptoms caused by his OSA such as fatigue and sleepiness. (AR 28.) The ALJ determined that Plaintiff has the severe medically determinable impairments of migraine and OSA. (AR 25.) The ALJ also determined that Plaintiff's medically determinable impairments of asthma and chronic obstructive pulmonary disorder ("COPD") were non-severe. (AR 25.) The ALJ further determined that Plaintiff's medically determinable impairments of depression and anxiety resulted in only mild limitations of functioning or a non-severe mental disorder. (AR 26-27.)

To accommodate these impairments, the ALJ assessed Plaintiff with a light work RFC with the ability to stand/walk for four hours in an eight hour workday and to sit for six hours in an eight hour workday. (AR 27-31.) Substantial evidence supports the ALJ's RFC. On June 10, 2013, Plaintiff was examined by consulting neurologist Dr. Sarah Maze who reported that Plaintiff presented with a normal mental status examination, sensation, visual activity, motor strength, coordination, memory, reflexes, gait, and balance. (AR 30.) Dr. Maze diagnosed chronic headaches but determined Plaintiff was capable of medium work with no significant functional restrictions. (AR 30.) A non-examining State agency medical reviewer found Plaintiff was capable of medium work and a second found Plaintiff did not have a severe physical impairment. The ALJ also found that the medical evidence showed a waxing and waning of Plaintiff's head pain largely controlled by medication and with improvement after receiving a new CPAP mask for his sleep apnea and noted improvement in 2014. (AR 30.) The ALJ's RFC is also supported by management of Plaintiff's head pain with medication, as Plaintiff did not require emergency care. (AR 30.)

### 1. Dr. Couture

Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting the opinion of treating physician and family practitioner Dr. Larry Couture. He reported Plaintiff suffered from severely intense, constant headaches, would miss work more than three times a month, and was completely unable to work. (AR 30, 255-288.) The ALJ rejected this opinion, relying instead on the objective medical evidence and the opinions of Dr. Maze and the two State agency reviewers who opined that Plaintiff was not precluded from all work. The contradictory opinions of other physicians provide a specific, legitimate reason for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Another reason the ALJ gave for rejecting Dr. Couture's opinion is that he found Plaintiff had been disabled since June 2009, even though Plaintiff worked for over two years after that date until October 2011 and does not even contend he was disabled until October 2011. (AR 23, 30, 288.) Plaintiff contends that his headaches changed materially in October 2011, but that would not invalidate the ALJ's rejection of Dr. Couture's opinion endorsing disability for headaches from 2009 to 2011. The record, moreover, does not support Plaintiff's contention that his headaches changed in October 2011. Having described different headaches in October, at the very next appointment Plaintiff denied headaches altogether and then continued to deny headaches for the next seven months through May 2012. (AR 413, 403-404.)

The ALJ's next reason for rejecting Dr. Couture's opinion is that his treatment notes do not support his opinion that Claimant is unable to work. An ALJ may reject a treating physician's opinion that is unsupported or contradicted by his treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. Here, Dr. Couture's notes indicate Plaintiff <u>denied</u> headaches during office visits in October 2011, November 2011, December 2011, January 2012, March 2012, September 2012, and November 2013. (AR 29, 413-414, 411-412, 409-10, 407-408, 405-406, 399-400, 392-395.) Plaintiff made no mention of headaches during office visits in August 2012 and November 2012. (AR 401-302, 398.) There was a year-long gap in treatment from December 2012 to

November 2013, and Plaintiff did not seek treatment thereafter until May 2014. (AR 29.) The notes also indicate medical management of head pain with medication. (AR 394, 397.) Additionally, a CT head exam ordered by Dr. Couture showed no evidence of intracranial abnormality. (AR 389.) Dr. Couture's notes support the ALJ's findings that Claimant's head pain waxed and waned, largely controlled by medication. (AR 30.) They also support the ALJ's findings that Dr. Couture's notes do not support his opinion that Plaintiff is unable to work. (AR 30.)

Plaintiff disputes the ALJ's evaluation of the record but it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.

The ALJ properly rejected Dr. Couture's opinion for specific, legitimate reasons supported by substantial evidence.

### 2. Dr. Liu

The ALJ also rejected the opinion of Dr. Feng Liu, a treating neurologist who opined in April 2015 that Claimant could perform medium work but would be unable to go back to work for 12 months due to head pain. (AR 30-31, 368-373.) The ALJ gave Dr. Liu's opinion limited weight because it was inconsistent with his treatment notes. (AR 31.) More specifically, the ALJ found that in December 2014 the Claimant reported to Dr. Liu that his head pain was improving, and his headaches were less frequent such that Dr. Liu reduced Claimant's medication. (AR 29, 31, 356.)

More importantly, the ALJ found that proper treatment of Claimant's OSA improved his head pain, as his headaches appear to be affected by the amount and quality of sleep. (AR 29, 30, 350, 353, 360.) Plaintiff was diagnosed with OSA in August 2012 but reported he did not use his CPAP mask because it did not fit well. (AR 29, 401-402.) He was fitted with a new CPAP mask in December 2012 and then went a year without medical treatment. (AR 29, 396-397.) In May 2014, he reported he was not compliant with his CPAP mask and in November was prescribed a mandibular advancement splint for his OSA to replace the CPAP mask. (AR 29.) Claimant reported that sleeping soundly for two to three days alleviated his headaches

significantly. (AR 29, 360.) Thus, the ALJ reasonably found that the record does not support Dr. Liu's opinion that Claimant would not be able to work for 12 months. (AR 31.)

The ALJ rejected Dr. Liu's opinion for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that the Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR

29.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (AR 29.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence. (AR 28, 31.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Dr. Maze and two State agency physician reviewers found Plaintiff able to work. (AR 29-30.)

Second, the ALJ found "sporadic treatment . . . as well as non-compliance with his OSA treatment and medical opinion that his OSA was possibly a cause for his head pain." An ALJ may consider unexplained or inadequately explained failure to seek treatment or follow a treatment regimen in evaluating credibility. Tommasetti, 533 F.3d at 1039. Here, Plaintiff did not seek treatment from December 2012 to November 2013 and thereafter until May 2014, and when he did seek treatment he often denied headaches or never mentioned headaches. (AR 29.) Plaintiff, moreover, was not compliant with his OSA treatment. The first gap in treatment occurred after Plaintiff received a better fitting CPAP mask in December 2012. (AR 29, 396.) He again was non-compliant in 2014 but experienced improvement in his head pain after a new mandibular splint enabled sounder sleep. (AR 29, 350, 360.)

Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ properly discounted Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: January 5, 2018

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE